**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOE H. LUCERO, JR.,

    Plaintiff,                                                                                        Civ. No. 19-1110 JAP/LF

v.

HSBC BANK USA, N.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 14, 2020, Plaintiff Joe Lucero, Jr. filed a response to the Court's May 4, 2020, Order striking Plaintiff's Notice of Violations from the record. *See* RESPONSE (Doc. 26); ORDER (Doc. 25). The Court will liberally construe Plaintiff's pro se response as a motion for reconsideration. For the following reasons, the Court will deny Plaintiff's request for reconsideration.

BACKGROUND

On November 20, 2019, Plaintiff filed this lawsuit in the Second Judicial District Court, Bernalillo County, New Mexico, against Defendant HSBC Bank USA, N.A., alleging that Defendant was selling stolen property and had hired an attorney to engage in fraud and conspiracy to sell that stolen property. *See* STATE COURT COMPLAINT (Doc. 1-3 at 1–2). Shortly thereafter, Defendant removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332(a) and 1441(a). *See* NOTICE OF REMOVAL (Doc. 1 at 2).

On December 13, 2019, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. NO. 1-3, 11/27/19) AND BRIEF IN SUPPORT (Doc. 5). Defendant indicated

that the motion to dismiss was opposed. *Id*. at 15. Despite this opposition, Plaintiff did not file a response to that motion to dismiss within the fourteen days required by D.N.M.LR-Civ. 7.4(a) plus an additional three days required when a party is served by mail under Federal Rule of Civil Procedure 6(d). Because Plaintiff failed to respond, the Court dismissed the case without prejudice. *See* ORDER DISMISSING CASE WITHOUT PREJUDICE (Doc. 17 at 1).

Several months after the Court dismissed the case, Plaintiff filed a notice of appeal. *See* MOTION TO APPEAL (Doc. 18 at 1). The Tenth Circuit Court of Appeals received and docketed Plaintiff's appeal. *See* USCA INFORMATION LETTER (Doc. 20 at 1). Even so, on March 27, 2020, Plaintiff filed a NOTICE OF VIOLATIONS (Doc. 22) in this Court. Subsequently, Defendant moved to strike that notice from the record. *See* DEFENDANT'S MOTION TO STRIKE (Doc. 24). The Court granted the motion to strike, because Plaintiff again failed to respond to Defendant's motion in the time prescribed under the Local Rules. *See* ORDER (Doc. 25). In that Order, the Court instructed Plaintiff "to refrain from filing additional materials in this case pending the resolution of his appeal." Doc. 25 at 1. Despite the Court's instruction, on May 14, 2020, Plaintiff filed a response directed at the Court's May 4, 2020, Order. Doc. 26 at 4.

## STANDARD

This Court may grant a motion to reconsider when it has misapprehended the facts, a party's position, or the law. *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of The Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Huff*, 782 F.3d at 1224. Further, a

motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

DISCUSSION

Plaintiff fails to advance any grounds warranting reconsideration of the Court's previous decision. Plaintiff does not demonstrate any new change in the law. Nor does he offer any new evidence that could change the outcome the Court's May 4, 2020, Order. Finally, Plaintiff does not give any meritorious explanation as to why the Order was incorrect or will result in manifest injustice.

Plaintiff argues that the Court's May 4, 2020, Order "shows how corrupt our court systems are." Doc. 26 at 4. He stresses that his case has been "transferred to Denver, Colorado, which should not have jurisdiction over . . . property from . . . New Mexico." *Id.* at 5. Plaintiff, however, filed an appeal in this case. *See* Doc. 18 at 1. The District of New Mexico is within the United States Court of Appeals for the Tenth Circuit, which is headquartered in Denver, Colorado. Thus, that Plaintiff's appeal is being handled in Denver, Colorado is not a sign of "evil and corrupt judges in our court system." Doc. 26 at 5. It is the result of Plaintiff's filing of an appeal.

Moreover, the Court's May 4, 2020, Order granted Defendant's Motion to Strike because Plaintiff failed to comply with the District of New Mexico's Local Rules of Civil Procedure. *See* Doc. 25 at 1–2. A pro se litigant must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *see also Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

IT IS THEREFORE ORDERED THAT Plaintiff's RESPONSE (Doc. 26) to the extent it asks the Court to reconsider its May 4, 2020, Order, is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE